**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KARA E. STRAYER,

    Plaintiff,

vs.                                Case No. 3:17-cv-1020-J-34JBT

JACOB ARTHUR KINGDON,
OMEGA FINANCIAL, LLC f/k/a
OMEGA FINANCIAL, INC., and
PV HOLDING CORP.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On August 29, 2017, Defendants Jacob Arthur Kingdon ("Kingdon") and Omega Financial, LLC, f/k/a Omega Financial, Inc. ("Omega Fi"), filed a Notice of Removal (Doc. 1, Notice of Removal) asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice of Removal at 3-4. In the Notice of Removal, Defendants note that Plaintiff Strayer is "a resident of Duval County, Florida," and "domiciled in the State of Florida." Id. at 1, 3. Defendants go on to note that Defendant Kingdon is "a resident of Maineville, Ohio," id. at 2, and Defendant Omega Fi is a "Delaware limited liability company having its principle place of business in Columbus, Georgia," but is also "a foreign corporation in Georgia . . . ." Id. These allegations are insufficient to demonstrate the citizenship of Defendants. As such, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Notice of Removal discloses Defendant Kingdon's residence, rather than his domicile or state of citizenship, the Court finds that Defendants have not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural

person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In addition, Defendants declare that Defendant Omega Fi is a "Delaware limited liability company having its principle place of business in Columbus, Georgia," but is also "a foreign corporation in Georgia . . . ." Notice of Removal at 2. As such, Defendants rely on 28 U.S.C. § 1332(c)(1) to maintain that Omega Fi is a not a citizen of Florida because it is "incorporated in Delaware and has its principal place of business in Columbus, Muscogee County, Georgia." Id. at 3. The problem with these allegations, however, is that Omega Fi's name indicates that it is a limited liability company (LLC), not a corporation. Omega Fi cannot be both a limited liability company and a corporation. Moreover, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine Omega Fi's citizenship from the assertions in the Notice of Removal.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a

party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

Here, as Omega Fi is denominated as an LLC, but Defendants have alleged jurisdiction as if it is a corporation, the Court is unable to determine Omega Fi's citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, Defendants must clarify whether Omega Fi is an LLC or a corporation. If, despite its name, Omega Fi, LLC is a corporation, the Court can determine that it is a citizen of Delaware and Georgia based on the information contained in the Notice of Removal. However, if Omega Fi is, as it appears to be, an LLC, Defendants must establish the citizenship of each of its members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

In light of the foregoing, the Court will give Defendant an opportunity to provide the Court with additional information to establish the Defendants' citizenship, and this Court's diversity jurisdiction over the instant action.[3] Accordingly, it is

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 894 F.3d 1313, 1315-17 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1221-22, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at

**ORDERED**:

Defendants shall have until September 15, 2017, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on September 1, 2017.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

---

1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").